UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MAESTAS,<br><br>            Plaintiff,<br><br>      v.<br><br>BRYAN D. PHILLIPS,<br><br>            Defendant. | Case No.   1:23-cv-00893-EPG<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED, WITH PREJUDICE, BASED ON CLAIM PRECLUSION AND FRIVOLOUSNESS<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS<br><br>(ECF No. 1) |

Plaintiff Randy Maestas is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 5). Plaintiff filed his complaint on June 14, 2023, alleging that Warden Bryan D. Phillips has allowed a correctional officer named Belt to still work after Belt purportedly attacked Plaintiff. (ECF No. 1).

Upon review of the allegations in the complaint, it appears that Plaintiff's claims are barred by claim preclusion because he brought them in a prior lawsuit, *Maestas v. Phillips*, 1:23-cv-00467-JLT-BAM, which was dismissed as duplicative of two other cases. Additionally, it appears that this case is frivolous. Accordingly, the Court will order Plaintiff to show cause why this case should not be dismissed with prejudice. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1055 (9th Cir. 2005) (noting that a court should give notice and an opportunity to respond before dismissing a case on claim preclusion grounds).

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a) (requiring court to review civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint on these same grounds under 28 U.S.C. § 1915(e)(2)(B). (ECF No. 5).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S PRIOR CASE

As an initial matter, the Court notes that Plaintiff has filed at least eight cases this year.[1] Most pertinent here is *Maestas v. Phillips*, 1:23-cv-00467-JLT-BAM, which Plaintiff filed on

---

[1] *See* 1:23-cv-00418-HBK; 1:23-cv-00419-EPG; 1:23-cv-00467-JLT-BAM; 1:23-cv-00569-JLT-EPG; 1:23-cv-000603-GSA; 1:23-cv-00668-GSA; 1:23-cv-00893-EPG; 2:23-cv-00030-AC. The Court takes judicial notice of the dockets and filings from other cases that it cites in this order. *See Ray v. Lara*, 31

March 28, 2023. (ECF No. 1).[2] Plaintiff's complaint in that prior case stated that his claims arose from his confinement at C.S.A.T.F and he sued Warden Phillips. Plaintiff brought three claims, which all stemmed from his allegation that Warden Phillips permitted Correctional Officer Belt to continue working after Belt attacked Plaintiff. (*Id.* at 3-5). He claimed injuries requiring him to be put in a wheelchair. As for relief, Plaintiff sought $3 million and for Belt to be fired and not be permitted to work at another prison.

Magistrate Judge Barbara A. McAuliffe screened the case on March 31, 2023, concluding that the complaint was duplicative of two other cases: *Maestas v. Officer Belt*, 1:23-cv-00418-HBK, which was referred to as *Maestas I*; and *Maestas v. C.S.A.T.F.*, 1:23-cv-00419-EPG, which was referred to as *Maestas II*:

> A review of the complaint in the instant action and the complaints filed in *Maestas I* and *Maestas II* reveals that they raise the same or overlapping claims. In each case, Plaintiff complains of the December 16, 2022 use of force by Correctional Officer Belt, alleges that the prison and Warden did not prevent the attack, and seeks damages related to his subsequent injuries and wheelchair use.

(ECF No. 7, p. 4).

Accordingly, Magistrate Judge McAuliffe recommended that the "case should be dismissed because it is duplicative of *Maestas I* and *Maestas II*, his earlier filed, currently pending cases." (*Id.* at 5). As of the date of this order to show cause, both *Maestas I* and *Maestas II* remain pending.

On April 24, 2023, District Judge Jennifer L. Thurston adopted the findings and recommendations, dismissing the case, with prejudice, as duplicative. (ECF No. 10). Notably, Judge Thurston rejected Plaintiff's objections that he or prison staff may have mistakenly "filed his case twice," noting that Plaintiff had copied his allegations into a proposed first amended complaint, which indicated that he in fact wished to proceed on his claims. (*Id.* at 1). Judgment was entered, and Plaintiff did not file an appeal. (ECF No. 11).

### III.   SUMMARY OF PLAINTIFF'S INSTANT COMPLAINT

Plaintiff filed the instant complaint on June 14, 2023, a little less than two months after the dismissal of *Maestas v. Phillips*, 1:23-cv-00467-JLT-BAM. (ECF No. 1). In almost all

---

F.4th 692, 697 n.4 (9th Cir. 2022) (taking judicial notice of district court records).
[2] All ECF citations in this section are to Plaintiff's prior case.

3

respects, the complaint in this case and his prior case are identical. Plaintiff sues Warden Phillips, brings the three same claims related to his allowing Belt to continue working after allegedly assaulting Plaintiff, claims injuries resulting in him being put in a wheelchair, and seeks $3 million and for Belt to be fired and not allowed to work at another prison. In fact, it appears that the pages of the instant complaint listing his three claims are a photocopy of his handwritten prior complaint. The most notable difference is that Plaintiff dated the instant complaint June 7, 2023, while he dated his prior complaint April 2, 2023.

### IV.     ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.     Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably

should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Claim Preclusion

"As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed." *Headwaters Inc.*, 399 F.3d at 1054 (internal citation and quotation marks omitted). Additionally, duplicative lawsuits may be dismissed as being malicious or frivolous. *See Daniels v. Sherman*, No. 1:18-CV-01420-AWI-BAM (PC), 2021 WL 4480295, at *5 (E.D. Cal. Sept. 30, 2021) ("An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.") (internal citations omitted).

At issue here is claim preclusion (sometimes called res judicata) which "generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001); *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020) (noting that claim preclusion is sometimes called res judicata). The purpose of claim preclusion is "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate," which serves to protect against "the expense and vexation attending multiple lawsuits, conserve[] judicial resources, and foster[] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). Claim preclusion applies in civil cases like § 1983 actions. *United States v.*

*Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (noting that claim preclusion applies in civil proceedings); *Ewing v. Superior Ct. of California*, 90 F. Supp. 3d 1067, 1075 (S.D. Cal. 2015) (noting that claim preclusion applies in § 1983 actions).

"Claim preclusion . . . applies where: (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Central Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002).

Here, the first element appears met as both cases involved the same parties—Plaintiff and Warden Phillips. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("We first note that several parties in both actions are identical, and therefore quite obviously in privity.). As for the second element, Plaintiff brings the same three claims relating to Warden Phillips allowing Belt to continue working after allegedly assaulting Plaintiff. Lastly, the final element appears met because the prior case in this District was terminated by a final judgment on the merits when it was dismissed, with prejudice, as duplicative of other pending cases. *See Headwaters Inc.*, 399 F.3d 1047, 1052 (9th Cir. 2005) ("We have held that a stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court.")

### C. Frivolousness

A duplicative lawsuit can rise to the level of frivolousness, which, as noted above, is one of the bases to dismiss complaints at the screening stage. "Lawsuits barred by claim preclusion are frivolous if a reasonable and competent inquiry would have led to this conclusion." *Lull v. Cnty. of Sacramento*, No. 2:20-CV-1645-KJM-CKD, 2021 WL 5054392, at *5 (E.D. Cal. Nov. 1, 2021).

The circumstances here indicate that this case is frivolous. Notably, less than two months after *Maestas v. Phillips*, 1:23-cv-00467-JLT-BAM was dismissed, Plaintiff filed this materially identical lawsuit, with some portions of the complaint apparently photocopied from his earlier complaint. To the extent that Plaintiff may try to claim that he or prison staff mistakenly filed the same complaint again, the Court notes that the instant complaint contains a different execution

6

date, June 7, 2023, than his prior complaint, April 2, 2023. Thus, it appears that Plaintiff intended to file an already dismissed lawsuit to see if he could achieve a different result.

### V.    CONCLUSIONS AND ORDER

As explained above, it appears that Plaintiff's case is barred by claim preclusion and is frivolous and thus should be dismissed with prejudice. However, Plaintiff will be given an opportunity to explain why his case should not be dismissed.

Accordingly, IT IS ORDERED as follows:

1. Within twenty-one (21) days of being served with a copy of this order, Plaintiff shall show cause why this case should not be dismissed with prejudice on claim preclusion grounds and for frivolousness.
2. Alternatively, Plaintiff is advised that he may file a notice stating that he wishes to voluntarily dismiss this case under Federal Rule of Civil Procedure 41(a)(1)(A)(i).
3. If Plaintiff fails to file anything, he is warned that this case may be dismissed.

IT IS SO ORDERED.

Dated:   **July 25, 2023**                          /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE

7